On March 6, 1920, a gale was blowing and about 10 o'clock a. m., the lines from the Livingston to the pier parted and her tier was driven against the other, so that for several hours the barges were in confusion surrounding the end of Pier 23, which is much shorter than those on either side. At about 2 o'clock p. m. the New York Central tug No. 12 came into the slip and seeing the position of the barges, ran a line to one in the outer tier, and pulled the tier back into its original position. New lines were furnished to the barge Livingston with which she was fastened to the pier, and the captain of the tug, a man of wide experience, according to the testimony, saw that new lines were placed from the Lehigh Valley No. 40 to the Livingston. The latter lines parted after they were made fast, and the tier swung into the Petrie, causing her damage.

Recovery can be had only upon the theory that the tug was guilty of negligence. From the foregoing, it does not appear that the captain of the tug could reasonably have been expected to do more than he did. The authorities hold that the exercise of reasonable discretion of experienced navigators is all that is required, coupled, of course, with an honest intent to do their duty. Nannie Lamberton, 85 Fed. 983, 29 C. C. A. 519. What happened was in the nature of an unavoidable action, for which the tug is not responsible.

The libel is dismissed.

---

### THE NEW YORK CENTRAL NO. 12.

(Circuit Court of Appeals, Second Circuit. December 10, 1923.)

#### No. 117.

Appeal from the District Court of the United States for the Eastern District of New York.

Suit in admiralty by the Petrie Transportation Company against the steam tug New York Central No. 12; the New York Central Railroad Company, claimant. Decree for respondent (295 Fed. 522), and libelant appeals. Affirmed.

Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellant.

Bigham, Englar & Jones, of New York City (Leonard J. Matteson, of New York City, and Charles W. Hagen, of East Orange, N. J., of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

PER CURIAM. Decree affirmed.

---

### PENNSYLVANIA R. CO. v. UNITED STATES.

(District Court, M. D. Pennsylvania. March 7, 1923.)

I. Commerce ☞95—Finding of fact by Interstate Commerce Commission not reviewable by District Court.

A finding by the Interstate Commerce Commission that a discrimination is undue or unjust relates to an administrative question of fact, and is not reviewable by the District Court.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes